UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAIL DRAHOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20 CV 1424 SNLJ |
| JON PRACHYL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Defendants Avis Budget Group, Inc., Jon Prachyl, and Herb Torres removed this personal injury suit based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Plaintiff Gail Drahos moves to remand under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2). Defendants argue the case should not be remanded because plaintiff fraudulently joined the forum defendants. Because the Court concludes defendants have not shown fraudulent joinder, it will remand the case.

**1. Background.**

Plaintiff alleges she tripped over a one-inch metal pipe protruding from the parking lot of an automobile rental business operated by Avis Budget Group. She alleges Prachyl and Torres, managers employed by Avis Budget, negligently failed to remove, barricade, or warn of the protruding pipe. She alleges they placed orange cones around the pipe to warn customers of its dangerous condition but removed the cones before plaintiff walked across the lot, leaving the pipe stub exposed without warning.

1

Plaintiff has two lawsuits pending from this incident: this one, and an earlier-filed suit against defendants Budget Rent a Car System, Inc., and Avis Rent a Car System, LLC. *See* Case No. 4:19 CV 921 SNLJ. Defendant Avis Budget Group is a holding company of Budget Rent a Car System, Inc., and Avis Rent a Car System, LLC.

**2. Legal standard**.

Defendants removed this case based on diversity jurisdiction, alleging plaintiff is a citizen of California; defendant Avis Budget is a citizen of Delaware and New Jersey; and defendants Prachyl and Torres are citizens of Missouri. *See* 28 U.S.C. § 1332(a)(1). Though the parties are completely diverse, plaintiff filed a timely motion to remand under the "forum defendant rule," 28 U.S.C. § 1441(b)(2), which reads: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "[V]iolation of the forum-defendant rule is a nonjurisdictional defect in removal" that, when timely raised, "strips forum defendants of the statutory right to remove." *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053-54 (8th Cir. 2020) (en banc).

Defendants claim they still have the right to remove, despite the presence of properly-served forum defendants, because those forum defendants were fraudulently joined. *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) ("[T]he right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" (quoting *Wilson v. Rep. Iron & Steel Co.*, 257

2

U.S. 92, 97 (1921))). Defendants bear the burden of showing removal is proper and proving any fraudulent joinder. *See Llanos v. Delta Air Lines, Inc.*, 2020 WL 635477 (C.D. Cal. Feb. 11, 2020) (slip copy); *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning*, 304 F.Supp.2d at 1148; *see also Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

### 3. Defendants have not shown fraudulent joinder.

Defendants agree Prachyl and Torres are citizens of the state in which this action was brought who were served before removal, which would generally mean they had no right to remove the case, per 28 U.S.C. § 1441(b)(2). But they claim the suit is still removable, despite the forum defendant rule, because plaintiff fraudulently joined Prachyl and Torres to defeat defendants' right to removal.

If there was "'no reasonable basis in fact and law'" for plaintiff's claims against Prachyl and Torres, their joinder was "'fraudulent,'" meaning they were named solely to prevent defendants from removing the case. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 947 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003)). "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* at 948 (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "'[I]t is well established that if it is *clear* under governing state law that the complaint does not state a

3

cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Filla*, 336 F.3d at 810 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

On a claim of fraudulent joinder, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* "[I]n situations where the sufficiency of the complaint against the [resident] defendants is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406 n.6). "In order to establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block*, 665 F.3d at 948 (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)).

Applying this standard, defendants have not shown that plaintiff fraudulently joined Prachyl and Torres. Under Missouri law, employees may be held personally liable to a third party for injuries sustained on their employers' premises if they breach some duty they owe to that third person or are "negligent with respect to something over which [they] did have control." *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. App. 1992);

4

*see also Giles v. Moundridge Milling Co.*, 173 S.W.2d 745, 751 (Mo. 1943). Plaintiff alleges Prachyl and Torres were managers for Avis Budget; knew about the protruding pipe; knew or should have known it was not reasonably safe for customers; put up warning cones around the pipe; removed the warning cones before plaintiff crossed the lot; and negligently failed to remove or barricade the pipe or warn about the danger, which led to plaintiff tripping on the pipe and suffering injuries. Prachyl and Torres might be liable under Missouri law for having been "negligent with respect to something over which [they] did have control." *Kyger*, 831 S.W.2d at 956; *see also Barrett v. Sherwin-Williams Co.*, 2008 WL 11393099 at *2 (E.D. Mo. Oct. 15, 2008); *Manning*, 304 F.Supp.2d at 1149-50; *Augustine v. Target Corp.*, 259 F.Supp.2d 919, 922 (E.D. Mo. 2003).

Defendants provide no authority that shows Missouri law would not recognize plaintiff's claim against Prachyl and Torres. Rather, they argue a factfinder may ultimately conclude Prachyl and Torres are not liable for plaintiff's injuries because, though they were working as managers on site when plaintiff fell, they claim plaintiff has not proved they were in charge of the cones, placed the cones, or removed them. This factual dispute does not make clear that plaintiff has not stated a cause of action against them as a matter of Missouri law. *See Filla*, 336 F.3d at 810. Defendants had no right to remove the case, and the Court will grant plaintiff's motion to remand. *See* 28 U.S.C. § 1441(b)(2).

### 4. Defendants have not shown the case should be dismissed.

Defendants also argue this suit should be dismissed because it subjects them to double jeopardy, as plaintiff has another pending suit against other defendants who are

5

covered by the same insurance, arising out of the same incident. Because defendants had no right to remove this case, the case must be remanded, and the Court will not take up the merits of defendants' argument for dismissal. *Cf. Filla*, 336 F.3d at 811. Even if the Court could consider defendants' argument, it would reject it for numerous reasons, including that: double jeopardy does not apply here, *see Breed v. Jones*, 421 U.S. 519, 528 (1975); defendants provide no authority showing it would be appropriate to dismiss *this* lawsuit under Federal Rule of Civil Procedure 19(a) based on their argument that one of the three defendants should actually be named in another suit; and, defendants did not file a motion to dismiss the case or cite any authority showing how their argument would overcome the fact that they had no right to removal in the first place. The Court will not dismiss the case.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#15) is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court for St. Louis County, Missouri, from which it was removed.

Dated this 19th day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE